UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
MARK CHAIMOVICH,                            )
                                            )   No. 1:07cv1025 (JR)
              Plaintiff,                    )
                                            )
       v.                                   )
                                            )
ALBERTO R. GONZALES, Attorney General,      )
United States Department of Justice, <u>et al.</u>, )
                                            )
              Defendants.                   )
_____)

**MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

Defendants the United States Attorney General,[1] et al., through undersigned counsel, respectfully move pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a) to dismiss this action for improper venue or to transfer it to the District of Maryland. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum. A proposed order is submitted herewith.

Dated: September 24, 2007           Respectfully submitted,


                                       /s/
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney

                                       /s/
                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                    Assistant United States Attorney

---

[1] Alberto R. Gonzales, who is named as Defendant in the complaint, is no longer the Attorney General of the United States.

                                 /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198
Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**

Kimberly Clemsen
Associate Regional Counsel
United States Citizenship and Immigration Services

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
MARK CHAIMOVICH,                            )
                                            )   No. 1:07cv1025 (JR)
           Plaintiff,                       )
                                            )
    v.                                      )
                                            )
ALBERTO R. GONZALES, Attorney General,      )
United States Department of Justice, et al.,)
                                            )
           Defendants.                      )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

**BACKGROUND**

Plaintiff Mark Chaimovich, a citizen of Israel, seeks adjudication of his naturalization application or an order compelling Defendants to adjudicate his naturalization application within thirty days. See Compl. ¶¶ 1-3. Chaimovich filed an N-400 naturalization application with the Vermont Service Center of United States Citizenship and Immigration Services ("USCIS") on July 11, 2002, and was interviewed at the Baltimore District USCIS office on February 11, 2003. See id. ¶ 11. At that interview, Chaimovich was told that his naturalization application could not be approved until USCIS had completed a national security background investigation. See id. ¶ 2.

Plaintiff initiated this action on June 7, 2007. The complaint requests that the Court assume jurisdiction, review the naturalization application de novo, and grant the application. See id. ¶¶ 1-3. In the alternative, Plaintiff requests that the Court compel Defendants to

adjudicate his application and schedule an oath ceremony within thirty days.  See id.  Plaintiff also seeks attorney's fees and costs.  See id.

## ARGUMENT

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because this Court is not the proper venue for Plaintiff's suit.  When reviewing a Rule 12(b)(3) motion, "the court accepts plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor."  Darby v. Dept. of Energy, 231 F.Supp.2d 274, 276 (D.D.C. 2002); see also Quarles v. General Investment & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003).  Nonetheless, a plaintiff bears the burden of establishing that (s)he has initiated the action in the appropriate forum.  See Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  Defendant may prevail on a motion to dismiss for improper venue by presenting facts sufficient to "defeat" a plaintiff's assertion of venue.  2215 Fifth St. Assocs. v. U-Haul Int'l, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).

Plaintiff initiated this suit in the wrong forum.  Section 1447(b) of the Immigration and Nationality Act ("INA") provides in pertinent part:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.

8 U.S.C. § 1447(b); see also 8 C.F.R. § 310.5(a) (application for relief shall be made "to the United States District Court having jurisdiction over the district in which the applicant resides").  Accordingly, only applicants who reside in the District of Columbia may seek adjudication or

review in this Court of an alleged delay in completing adjudication of their naturalization applications after the examination has been completed.

Plaintiff is not a resident of this District, and instead resides in Rockville, Maryland. See Compl. at 1 (listing Maryland address in caption); id. ¶ 3. Accordingly, Section 1447(b) did not permit Plaintiff to file his complaint in this Court. See 8 U.S.C. § 1447(b); 8 C.F.R. § 310.5(a). Instead, to the extent any court has jurisdiction to review Plaintiff's claims, it is the United States District Court for the District of Maryland. See Fatayer v. Swacina, No. 07-21660, 2007 WL 2363891, at *1 (S.D. Fla. Aug. 15, 2007) (transferring 1447(b) case to the district in which plaintiff resided).

Plaintiff's reliance on the venue criteria of 28 U.S.C. § 1391 is misplaced. See Compl. ¶ 9. Section 1391(e) is a general venue statute, and does not trump more specific venue provisions that limit the forums in which certain claims may be brought. See 28 U.S.C. § 1391(e) (applying "except as otherwise provided by law"). Here, the INA's special venue provision controls, and requires dismissal of plaintiff's claims. See Fatayer, 2007 WL 2363891, at *1 (concluding section 1391 did not apply to naturalization cases because jurisdiction is limited to the district in which the applicant resides).

Defendants do not concede that the United States District Court for the District of Maryland has jurisdiction to review Plaintiff's claims. The allegations of the complaint suggest that the national security background checks have not been completed. See Compl. ¶ 2. An interview that is conducted before USCIS has received the results of those background checks is not an "examination" for purposes of the INA. See, e.g., Lahrar v. United States Citizenship & Immigration Servs., 485 F. Supp.2d 705, 707-08 (E.D. Va 2007) (concluding "examination" is

not complete until background checks have cleared); Martinez v. Gonzales, 463 F. Supp. 2d 569, 571-73 (E.D. Va. 2006) (same); Damra v. Chertoff, No. 05-0929, 2006 WL 1786246, at *2-*3 (N.D. Ohio June 23, 2006) (same); Danilov v. Aguire, 370 F Supp. 2d 441 (E.D. Va. 2005) (same). Accordingly, a plaintiff who has been interviewed but whose background checks remain pending has not completed the "examination" that triggers the 120-day period referenced in Section 1447(b). See, e.g., Martinez, 463 F. Supp. 2d at 571-73; Dramra, 2006 WL 1786246, at *3. However, this Court need not resolve that question in order to rule on this 12(b)(3) motion, because this District would be an improper forum even if Plaintiff had been "examined" more than 120 days ago.[2]

In the alternative, Defendants request that the Court transfer this case to the United States District Court for the District of Maryland. 28 U.S.C. § 1406(a) permits courts to transfer a case to a district in which venue is proper, if the court deems that it would be in the "substantial interest of justice" to transfer the case instead of dismissing it. 28 U.S.C. § 1406(a); see id. § 1404(a); Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006). As discussed above, the United States District Court for the District of Maryland is the only court in which venue could be proper. Accordingly, if the Court does not dismiss Plaintiff's complaint, it should transfer the case to the District of Maryland.

---

[2] If Plaintiff re-files this suit in the District of Maryland, Defendants will present their jurisdictional defense in a responsive pleading and/or motion to dismiss submitted to that court.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be DISMISSED or, in the alternative, TRANSFERRED to the United States District Court for the District of Maryland.

Dated: September 24, 2007    Respectfully submitted,


    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


    /s/ Robin M. Meriweather
ROBIN M. MERIWEATHER, D.C. Bar # 490114
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 514-7198   Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov


**Of Counsel:**
Kimberly Clemsen
Associate Regional Counsel
United States Citizenship and Immigration Services

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 24th day of September, 2007, I caused the foregoing Motion to be filed and served *via* the Court's ECF system or, should I receive notice from the Court that electronic service failed, to be served upon plaintiff by first class mail, postage prepaid, addressed to:

Morris Deutsch
1666 Connecticut Ave NW, # 325
Washington, DC 20009

                   /s/ Robin M. Meriweather
                Robin M. Meriweather, DC Bar # 490114

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
MARK CHAIMOVICH,                   )
                                   )   No. 1:07cv1025 (JR)
          Plaintiff,               )
                                   )
     v.                            )
                                   )
ALBERTO R. GONZALES, Attorney General, )
United States Department of Justice, et al., )
                                   )
          Defendants.              )
_____)

**ORDER**

Upon consideration of Defendants' Motion to Dismiss or Transfer For Improper Venue,

it is this _____ day of _____ 2007,

ORDERED that Defendants' Motion to Dismiss or Transfer For Improper Venue be and is hereby GRANTED;

_____ it is further ORDERED that the above-captioned action be and is hereby DISMISSED for improper venue;

_____ it is further ORDERED that the above-captioned action be and is hereby TRANSFERRED to the District of Maryland;

SO ORDERED.

_____
United States District Judge