UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CHAIMOVICH,

        Plaintiff,

  v.

ALBERTO R. GONZALES
Attorney General, US Department of Justice, et al.,

        Defendants.

Case No. 1:07-cv-1025 (JR)

### PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS AND, CONSENTING TO PLAINTIFF'S MOTION TO TRANSFER

Plaintiff, Mark Chaimovich, by and through undersigned counsel, files this response opposing Defendants' Motion to Dismiss and consenting to Defendants' Motion to Transfer this action to the District of Maryland. In support of their response to Defendants' Motion, Plaintiff respectfully refers the Court to the accompanying memorandum. A proposed order is submitted herewith.

Dated: October 5, 2007                      Respectfully submitted,

Case No. 1:07-cv-1025 (JR)

      /s/ Morris H. Deutsch
MORRIS H. DEUTSCH, D.C. Bar #405483


      /s/ Carolyn Ann Killea
CAROLYN ANN KILLEA, D.C. Bar #412419


      /s/ Rajan P. Eapen
RAJAN P. EAPEN, D.C. Bar #441492


Attorneys for Plaintiff
M. Deutsch Immigration Law Firm
Suite 325
Washington, DC 20009
(202) 728-0820

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic means through the Electronic Case Filing system on October 5, 2007 to:

Ms. Robin M. Meriweather
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth Street, NW
Washington, D.C. 20530
Robin.Meriweather2@usdoj.gov


      /s/ Rajan P. Eapen
RAJAN P. EAPEN

Case No.  1:07-cv-1025 (JR)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK CHAIMOVICH,

    Plaintiff,

 v.

ALBERTO R. GONZALES
Attorney General, US Department of Justice, et al.,

    Defendants.

Case No. 1:07-cv-1025 (JR)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RESPONSE OPPOSING DEFENDANT'S MOTION TO DISMISS AND, CONSENTING TO DEFENDANTS' MOTION TO TRANSFER**

**BACKGROUND**

Plaintiff Mark Chaimovich, a citizen of Israel, seeks adjudication of his naturalization application or an order compelling Defendants to adjudicate his naturalization application within thirty days. See Compl. ¶¶ 1-3. Chaimovich filed an N-400 naturalization application with the Vermont Service Center of United States Citizenship and Immigration Services ("USCIS") on July 11, 2002, and was interviewed at the Baltimore District USCIS office on February 11, 2003. See id. ¶ 11. At that interview, Chaimovich was told that his naturalization application could not be approved until USCIS had completed a national security background investigation. See id. ¶ 12.

Plaintiff initiated this action on June 7, 2007. The complaint requests that the Court

assume jurisdiction, review the naturalization application de novo, and grant the application. See id. ¶¶ 1-3. In the alternative, Plaintiff requests that the Court compel Defendants to adjudicate his application and schedule an oath ceremony within thirty days. See id. Plaintiff also seeks attorney's fees and costs. See id.

## DEFENDANTS' ARGUMENT

The Defendants have moved pursuant to Rule 12(b)(3) of the Federal Rules of Procedure and 28 U.S.C. §§ 1404(a) and 1406 (a) to dismiss this action for improper venue or to transfer it to the District of Maryland. Furthermore, the Defendants do not concede that the United States District Court for the District of Maryland has jurisdiction to review Plaintiff's claims.

## PLAINTIFF'S RESPONSE

Plaintiff opposes Defendants' Motion to Dismiss and consents to Defendant's Motion to Transfer Action to the District of Maryland. Furthermore, Plaintiff disputes Defendant's allegation that the United States District Court of Maryland does not have jurisdiction to review Plaintiff's claims.

As noted above, plaintiff requested that the Court assume jurisdiction, review the naturalization application de novo, and grant the application. See id. ¶¶ 1-3. In the alternative, Plaintiff requests that the Court compel Defendants to adjudicate his application and schedule an oath ceremony within thirty days. See id.

Typically, 28 U.S.C. § 1391(e) governs venue in a civil action where jurisdiction is not founded solely on diversity of citizenship but rather the defendants are officers or employees of the United States or any agency thereof acting in their official capacity or

under color of legal authority, or an agency of the United States, or the United States.

Under § 1391(e), a suit can be filed in be brought in any judicial district in which:

> **(1)** a defendant in the action resides,
> **(2)** a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> **(3)** the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Please note that in the alternative request for relief in the complaint, See id. ¶ 2, the plaintiff requested "that the Court compel Defendants to adjudicate his application and schedule an oath ceremony within thirty days. " This request is a mandamus type of action and for that reason, venue, under § 1391(e) would properly lie in Washington, DC since, all but one of the defendants, in their official capacity, reside in Washington, DC. Although 1391 (e) permits actions essentially against the United States to be brought locally it does not require that the suit be filed locally. Venue, for mandamus type actions may still take place in the District of Columbia.

However, in plaintiff's initial request for relief in the complaint, See id. ¶ 1, the court was asked, pursuant to 8 U.S.C. §1447(b), to assume jurisdiction, review the naturalization application de novo, and grant the application. Section 1447(b) contains an exclusive venue provision, requiring that the application for relief be made "to the district court for the district in which the applicant resides". This provision renders the general venue provision of 28 U.S.C. § 1391 (e) inapplicable to claims under Section 1447 (b).

In summary, although the Mandamus action asserted pursuant to § 1391 in the complaint satisfies the venue criteria and may be filed in the District of Columbia, the claims under

Section 1447 (b), should be made with the United States District Court of Maryland since the plaintiff resides in Rockville, MD.

The statute is permissive and has no language to strip naturalization applicants' right to present Mandamus claims under § 1391, however, since venue must be "proper for each claim in a case with multiple claims." Lomanno v. Black, 285 F.Supp.2d 637, 641 (E.D.Pa. 2003), plaintiff does not oppose the transferring of this case.   Under § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

We ask the Court to not dismiss this action but rather exercise its discretion and transfer both claims of this complaint to the District Court of Maryland.  We believe that the interests of justice would be best served if the Court transfers this case. It has been over four years and seven months since the date of Plaintiff's N-400 interview, but USCIS has not made a decision on his application, nor has it informed plaintiff of any deficiency in his applications. Dismissal of this case would not only further delay a timely and orderly adjudication of this case and its merits but also put further strain on the resources of the plaintiff.

It should be noted that the Defendants do not concede that the United States District Court of Maryland has jurisdiction to review Plaintiff's claims. Plaintiff asserts that "an interview that is conducted before USCIS has received the results of those background checks is not an 'examination' for purposes of the INA". Accordingly, Plaintiff argues

that "a plaintiff who has been interviewed but whose background checks remain pending has not completed the 'examination' that triggers the 120-day period referenced in Section 1447(b)".

We respectfully bring to the Court's attention Walji v. Gonzales, No. 06-20937, __ F.3d __, 2007 U.S. App. LEXIS 22102 (5th Cir. Sept. 14, 2007), in which the United States Court of Appeals for the Fifth Circuit concluded that the statutory language, the regulations, and the legislative history of Section 1447 (b) all indicate that the "examination" in Section 1447 (b) means the naturalization interview and that the 120 days begins to run from the date of the interview.

## **CONCLUSION**

For the foregoing reasons, we request that Plaintiff's complaint be TRANSFERRED to the United States District Court for the District of Maryland

Dated: October 5, 2007

Respectfully submitted,

    /s/ Morris H. Deutsch
MORRIS H. DEUTSCH, D.C. Bar #405483

    /s/ Carolyn Ann Killea
CAROLYN ANN KILLEA, D.C. Bar #412419

    /s/ Rajan P. Eapen
RAJAN P. EAPEN, D.C. Bar #441492

Attorneys for Plaintiff
M. Deutsch Immigration Law Firm

Case No.  1:07-cv-1025 (JR)

M. Deutsch Immigration Law Firm
#325, 1666 Connecticut Ave., NW, Washington, DC 20009
202-728-0820

Suite 325
Washington, DC 20009
(202) 728-0820

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by electronic means through the Electronic Case Filing system on October 5, 2007 to:

>Ms. Robin M. Meriweather
>Assistant U.S. Attorney
>Judiciary Center Building
>555 Fourth Street, NW
>Washington, D.C. 20530
>Robin.Meriweather2@usdoj.gov

/s/ Rajan P. Eapen

RAJAN P. EAPEN

Case No.  1:07-cv-1025 (JR)

M. Deutsch Immigration Law Firm
#325, 1666 Connecticut Ave., NW, Washington, DC 20009
202-728-0820

1
2
3
4
5
6     UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF COLUMBIA
7
8   MARK CHAIMOVICH,
                                              Case No. 1:07-cv-1025 (JR)
9              Plaintiff,

10      v.

11
    ALBERTO R. GONZALES
12  Attorney General, US Department of
    Justice, et al.,
13
14             Defendants.
15

16
                            ORDER
17
    Upon consideration of Defendant's Motion to Transfer and Plaintiff's Request for the
18
    same such transfer, it is this _____ day of _____ 2007,
19
    Ordered that Defendant's Motion to Transfer be and is hereby GRANTED;
20
21  It is further ordered that the above-captioned action be and is hereby
22  TRANSFERRED to the District of Maryland;
23
24
    SO ORDERED.
25
26
27  _____
                                              United States District Judge
28

Case No. 1:07-cv-1025 (JR)                          M. Deutsch Immigration Law Firm
                                        #325, 1666 Connecticut Ave., NW, Washington, DC 20009
                                                                          202-728-0820